**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 577-6260
*Attorneys for Defendant*

|  |  |  |
|---|---|---|
| MYUNG SIK LEE and INKUK YUN, | : | UNITED STATES DISTRICT COURT |
|  | : | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | : |  |
|  | : | Civil Action No. 2:22-cv-06693-CCC-MAH |
| v. | : |  |
|  | : | **ANSWER** |
| JFC INTERNATIONAL, INC., | : |  |
|  | : |  |
| Defendant. | : |  |

Defendant JFC International, Inc., by its attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Complaint, states:

**INTRODUCTION**

1. Denies the allegations contained in paragraph 1.

**JURISDICTION AND VENUE**

2. Denies the allegations contained in paragraph 2 and refers all questions of law to the Court.

3. Denies the allegations contained in paragraph 3 and refers all questions of law to the Court.

4. Denies the allegations contained in paragraph 4 and refers all questions of law to the Court.

5. Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 5.

## PARTIES

6. Repeats and incorporates by reference all of the answers to paragraphs 1 through 5.

7. Admits the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10.

## FACTUAL BACKGROUND

11. Repeats and incorporates by reference all of the answers to paragraphs 1 through 10.

12. Admits the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Admits the allegation contained in paragraph 15 that Plaintiffs are part of the Korean sales team that sells Defendant's products to the Korean market in New Jersey and New York, in addition to other markets and other locations.

16. Admits the allegation contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22 and refers to any written complaint for the contents thereof.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25 and refers to the referenced complaint for the contents thereof.

26. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 26, except admits that JFC received the charges.

27. Denies the allegations contained in paragraph 27.

## COUNT I
## Violations of 42 U.S. Section 1981
([1] National Origin Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

28. Repeats and incorporates by reference all of the answers to paragraphs 1 through 27.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

## COUNT II
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] National Origin Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

32. Repeats and incorporates by reference all of the answers to paragraphs 1 through 31.

33. Denies the allegations contained in paragraph 32.

34. Denies the allegations contained in paragraph 33.

35. Denies the allegations contained in paragraph 34.

## COUNT III
## Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### ([1] National Origin Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

36. Repeats and incorporates by reference all of its answers to paragraphs 1 through 35.

37. Repeats and incorporates by reference all of the answers to paragraphs 1 through 36 and denies the allegation contained in paragraph 37.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

39. Plaintiffs have failed to mitigate their alleged damages.

### THIRD AFFIRMATIVE DEFENSE

40. Plaintiffs have suffered no damages attributable to actionable conduct by Defendant, its employees, agents, or representatives.

### FOURTH AFFIRMATIVE DEFENSE

41. Plaintiffs' claims are barred by the doctrine of waiver or release of claims.

### FIFTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred by the doctrine of *in pari delicto.*

### SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred by the doctrines of ratification, confirmation, and acquiescence.

### NINTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are time-barred in whole or in part.

### TENTH AFFIRMATIVE DEFENSE

47. Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior, and Plaintiffs unreasonably failed to take timely advantage of the preventive or corrective opportunities to avoid the harm complained of.

### ELEVENTH AFFIRMATIVE DEFENSE

48. Defendant's acts were undertaken in good faith without reckless disregard for Plaintiffs' statutory rights.

### TWELFTH AFFIRMATIVE DEFENSE

49. Plaintiffs' damages may be barred in whole or in part by after-acquired evidence of misconduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. Any injury allegedly sustained by Plaintiffs resulted from Plaintiffs' own culpable or negligent conduct, or that of third parties, and was not proximately caused by any act or omission of Defendant, its employees, agents, or representatives.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. Defendant acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiffs' rights, and Defendant's actions were not discriminatory, retaliatory, or otherwise actionable.

## FIFTEENTH AFFIRMATIVE DEFENSE

52. Defendant did not encourage, condone, approve, or participate in any allegedly discriminatory conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

53. This action may be barred by Plaintiffs' election of remedies.

## SEVENTEETH AFFIRMATIVE DEFENSE

54. Awarding punitive damages against Defendant would violate the United States and New Jersey Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

55. Plaintiffs have not satisfied all of the conditions precedent and procedural prerequisites to maintaining this action.

## NINETEENTH AFFIRMATIVE DEFENSE

56. At all times relevant to this action, Defendant had in effect policies and procedures for the prevention and correction of illegal workplace harassment, discrimination, and retaliation, including on the basis of race and ethnicity, and Defendant exercised reasonable care to prevent and correct promptly any such harassing or discriminatory behavior, while Plaintiffs unreasonably failed to report alleged harassment and discrimination and/or unreasonably failed to take advantage of any of Defendant's procedures for preventing and/or correcting illegal harassment and discrimination.

## TWENTIETH AFFIRMATIVE DEFENSE

57. To the extent Plaintiffs allege any impermissible motivation in Defendant's treatment of them, Defendant would have taken the same action in the absence of such impermissible motivating factor.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

58. Plaintiffs are not entitled to recover punitive damages because Defendant did not engage in any discriminatory, harassing, or otherwise wrongful conduct with malice or reckless indifference to Plaintiffs' rights.

**WHEREFORE**, Defendant demands that judgment be entered as follows:

1. Dismissing the Complaint in its entirety with prejudice;

2. Awarding Defendant the costs and expenses in connection with this action, including reasonable attorneys' fees; and

3. Granting such other and further relief as is just and proper.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Peter T. Shapiro
　　Peter T. Shapiro
　　Peter.Shapiro@lewisbrisbois.com
　　*Attorneys for Defendant*

Dated: January 11, 2023

## CERTIFICATION OF FILING AND SERVICE

I hereby certify that the within Answer was filed and served electronically on this date by ECF.

/s/ Peter T. Shapiro
Peter T. Shapiro

Dated: January 11, 2023