UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Myung Sik Lee and Inkuk Yun,<br><br>    Plaintiffs,<br> v.<br><br>JFC International, Inc.<br><br>    Defendant, | Index No. 22-cv-6693<br><br>**JOINT DISCOVERY PLAN** |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   : This matter arises under Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d et seq.), the New Jersey Law Against Discrimination ("NJ LAD" - N.J.S.A. 10:5-1, et. seq.) and New Jersey Conscientious Employee Protection Act, ("CEPA" – N.J.S.A. §34:19-1, et. seq.). Plaintiffs bring this action to claim their damage due to their employer's discrimination against them based on their national origin.

2. Have settlement discussions taken place?

   : No.

3. The parties will exchange the information required by Fed. R. Civ. P 26(a)(1) by **March 20, 2023**.

4. Describe any discovery conducted other than the above disclosures.

   : None.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   : The parties are not planning to file any dispositive motion before the completion of discovery at this time.

6. The parties propose the following:

   (a) Discovery is needed on the following subjects:

- whether Plaintiffs are entitled to any damages and/or any recovery for any alleged Defendant's unlawful conduct if any is proven.

- whether Defendant has violated Title VII of the Civil Rights Act of 1964, the New Jersey Law Against Discrimination, and New Jersey Conscientious Employee Protection Act for any alleged unlawful conduct if any is proven.

The Parties further state that the above-referenced list of factual and legal issues is not exhaustive and that additional factual and legal issues will be identified throughout the discovery and other proceedings in this action.

(b) Should discovery be conducted in phases? If so, explain.

: No.

(c) Number of Interrogatories by each party to each other party: The parties may serve interrogatories limited to **25** single questions including subparts by each party to each other party.

(d) Number of Depositions to be taken by each party: The number of depositions to be taken by each side shall not exceed **10**.

(e) Plaintiffs' expert report: Plaintiffs do not seek expert discovery.

(f) Defendant's expert report: Defendant does not seek expert discovery.

(g) Motions to Amend or to Add Parties to be filed by **August 6, 2023**.

(h) Dispositive motions to be served within **30** days of completion of discovery.

(i) Factual discovery to be completed by **September 6, 2023**.

(j) Expert discovery to be completed by : Not applied.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: The parties are directed to Rule 26(f), as amended, which, *inter alia*, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work-product protection. The parties are also directed to Local Civil Rule 26.1(d) which describes the obligations of counsel with regard to their clients' information management systems.

(l) A pretrial conference may take place on **October 6, 2023**.

(m) Trial by jury or non-jury Trial? : Plaintiffs anticipate a jury trial

(n) Trial date: TBD.

7.  Do you anticipate any discovery problem(s)?

    : Parties don't anticipate any discovery problem yet at this point, because they have not initiated their discovery process yet. The Parties further state that any discovery issues will be identified throughout the discovery and other proceedings in this action.

8.  Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

    : Parties don't anticipate any special discovery needs yet at this point, because they did not initiate their discovery process yet. The Parties further state that any special discovery needs will be identified throughout the discovery and other proceedings in this action.

9.  State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), the appointment of a special master, or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after an exchange of pretrial disclosures, after completion of depositions, after the disposition of dispositive motions, etc.).

    : Plaintiff is willing to have mediation for this matter.

10. Is this case appropriate for bifurcation? No.

11. We do not consent to the trial being conducted by a Magistrate Judge at this point.


By: /s/Ryan Kim
   Attorney for Plaintiffs

   Ryan J. Kim, Esq.
   Ryan Kim Law, P.C.
   222 Bridge Plaza South, Suite 490
   Fort Lee, NJ 07024
   ryan@ryankimlaw.com

By:  /s/ Peter Shapiro
   Attorney for Defendant

   Peter Shapiro, Esq.
   Lewis Brisbois Biscaard & Smith LLP
   One Riverfront Plaza
   Newark, NJ 07102
   Peter.Shapiro@lewisbrisbois.com

91099789.1 3