UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MYUNG SIK LEE and INKUK YUN** | : <br> : <br> : |
| Plaintiffs, | : Civ. Action No. 22-06693 (CCC) (MAH) <br> : |
| v. | : OPINION <br> : |
| **JFC INTERNATIONAL, INC.,** | : <br> : |
| Defendant. | : <br> : |

**HAMMER, United States Magistrate Judge**

I. INTRODUCTION

This matter comes before this Court upon Plaintiffs', Myung Sik Lee and Inkuk Yun, (collectively "Plaintiffs") motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. *See generally* Mot. to Am., D.E. 19. Plaintiffs seek to add class claims against Defendant, Japan Food Corporation International, Inc., ("JFC") for engaging in unlawful employment practices in violation of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 ("Title VII"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD"). JFC has filed a brief in opposition. *See generally* Br. in Opp'n to Mot. to Am., D.E. 24. This Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs' motion without oral argument. *See* Fed. R. Civ. P. 78. For the reasons stated below, Plaintiffs' motion to amend is **GRANTED**.

## II.  BACKGROUND & PROCEDURAL HISTORY

This action arises out of an employment discrimination dispute between Plaintiffs and their employer, JFC. *See* Compl., D.E. 1, at ¶¶ 12-18.  JFC is a major wholesaler and distributor of Japanese and Asian food products. *Id.* at ¶ 8.  Its employees are comprised of Japanese-Americans, Chinese-Americans, Korean-Americans, Caucasians, Hispanics, and African-Americans. *Id*. at ¶ 17.  Plaintiffs, two Korean-American males, have worked for JFC as salesmen for the past thirty-three to thirty-five years.  *Id.* at ¶ 18(k).

Plaintiffs filed the Complaint in this matter on November 18, 2022. *Id.*  Plaintiffs alleged three causes of action against JFC, including claims of discrimination based on national origin, hostile work environment, and retaliation pursuant to Title VII and NJLAD.  *Id.* at ¶¶ 28-37. Plaintiffs raised nineteen substantive factual allegations of JFC's unlawful employment practices. *Id.* at ¶¶ 18(a)-(s).

Plaintiffs now request to add class allegations against JFC for failure to promote and denial of equal opportunity in violation of Section 1981 and Title VII.  *See* First Am. Compl., D.E. 19-2, at 8-10.  In effect, Plaintiffs seek to alter the present action into a class action lawsuit under Federal Rule of Civil Procedure 23 "on behalf of all similarly situated non-Japanese-American employees of JFC nationwide who have been eligible for promotions but not promoted to higher level positions despite their qualifications." *Id.* at 1.

Plaintiffs argue that this Court should grant their request under Federal Rule of Civil Procedure 15 because JFC cannot show bad faith, prejudice, or undue delay given the early stage of discovery. *See* Mot. to Am., D.E. 19, at 3.  Further, Plaintiffs contend that the proposed class claims consist of the same facts and legal theories as those alleged in the original Complaint, and thus do not require additional discovery. *Id.*  In the alternative, JFC argues that Plaintiffs' proposed

amendments should be denied because the Title VII failure-to-promote allegation does not state a claim upon which relief can be granted.[1]  See Br. in Opp'n to Mot. to Am., D.E. 24, at 9.

On September 11, 2023, Plaintiffs filed a reply brief in further support of their motion to amend.  See generally Pl's Reply Br., D.E. 25.  Plaintiffs asserts that (1) the pleadings set forth a viable claim for relief and (2) JFC wrongfully presents evidence outside of the pleadings to prematurely refute proposed class allegations.  Id. at 1-2.

### III.  STANDARD OF REVIEW

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure."  *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011).  Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order."  *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)).  However, "if there is good cause to amend, the Court will then turn to Rule 15 to determine whether to permit [Plaintiff] to file its amended pleading as justice so requires."  *Nasa*

---

[1] Defendant also argues this Court should deny Plaintiffs' motion to amend because the proposed class claims fail to satisfy class certification requirements under Fed. R. of Civ. P. 23.  See Br. in Opp'n to Mot. to Am., D.E. 24, at 14.  This Court concludes Defendant's argument is an insufficient basis to deny the instant motion.  To maintain a class action, Rule 23 requires (1) numerosity of class members; (2) common questions of law and fact; (3) typicality of claims; and (4) adequate representation.  See Fed. R. Civ. P. 23(a).  At this point, given the early pleading stages of this case, Plaintiffs are not required to demonstrate the Rule 23(a) requirements.  See *Conover v. Rash Curtis & Assoc.*, No. 15-08381, 2016 WL 3708656, at * 4 (D.N.J. July 12, 2016) (concluding that even under the standard required under Rule 23 for class certifications it would be "more appropriate to grant leave to amend and address the class certification arguments on a motion for class certification, for classes that have not yet been certified" (internal quotations omitted)).  Rather, it is more appropriate for JFC to raise this issue in later proceedings through an opposition to certify a class.  Id.

*Machine Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019).

IV.     ANALYSIS

Plaintiffs filed their motion on August 2, 2023, four days before the August 6, 2023 deadline for amending pleadings. *See* Pretrial Sched. Order, D.E. 11, at 3. Therefore, this Court finds that their motion to amend is timely and need not conduct a Rule 16 'good cause' analysis.

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.,* 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15 (a)(2)). The Court may deny a motion to amend the pleadings only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

Here, JFC contends that this Court should deny Plaintiffs' motion because of the futility of the proposed amendment. JFC fails to argue any evidence of undue prejudice or delay, Plaintiffs' bad faith, or a repeated failure to cure deficiencies, nor does this Court find any. Thus, in deciding this motion, this Court determines solely whether permitting the amendment would be futile.

### A. Futility

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Am. Corporate Society v. Valley Forge Ins. Co.,* 424 F. App'x 86, 90 (3d Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2010).

To determine whether an amendment would be "properly dismissed," the Court employs the same standard applied to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D.N.J. Oct. 19, 1990) ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether this standard is met. *Fowler*, 578 F.3d at 210 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 629 (2009)).

First, a court separates the factual and legal elements of a claim. *Fowler*, 578 F.3d at 210. All well-pleaded facts outlined in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard legal conclusions. *Id.* at 210–11; *West Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 97 n.6 (3rd Cir. 2010); *see also Iqbal,* 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions,"

5

a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement") (alterations omitted) (internal quotations marks omitted).

Second, as noted above, a court determines whether a plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *accord Fowler*, 578 F.3d at 211. As the Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The plausibility standard is not a "probability requirement," but the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability to "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678–79 (citations omitted) (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A court conducting a futility analysis based only upon the sufficiency of the pleading must consider a limited record. Specifically, a court may consider only the proposed pleading, exhibits attached to that pleading, matters of public record, and undisputedly authentic documents provided the claims are based on those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *accord West Penn*, 627 F.3d at 97 n.6 (reiterating the rule and its limited exception for documents that are "integral or explicitly relied upon in the complaint").

In the instant motion, Plaintiffs seek to add class allegations on behalf of all non-Japanese-American JFC employees nationwide. JFC argues that Plaintiffs' proposed amendments are futile because Plaintiffs' proposed failure-to-promote claim under Title VII does not state a claim upon which relief can be granted.

6

i.  **Failure to State a Claim**

Accepting the allegations in the Proposed Amended Complaint as true, this Court is persuaded that Plaintiffs, on behalf of the putative class members, have sufficiently pled a failure-to-promote claim.  To state a prima facie case of failure-to-promote in violation of Title VII, a plaintiff must establish that he or she "(1) belongs to a protected category, (2) applied for and was qualified for a job in an available position, (3) was rejected, (4) and after rejection, the position remained open, and the employer continued to seek applications from persons of plaintiff's qualifications for the position."  *Bray v. Marriott Hotels*, 110 F.3d 986, 990 (3d Cir. 1997).

With respect to the second element, "[a]lthough some courts have held that failure to apply for a promotion is fatal to a failure-to-promote claim, many courts have overlooked this failure in certain cases, such as when the promotional system did not involve a formal application process and when a plaintiff's attempts to apply for a promotion have been rebuffed." *Rhodes v. Camden Redevelopment Agency*, No. 20-20337, 2021 WL 71597, at *4 (D.N.J. Jan. 8, 2021) (quoting *Khair v. Campbell Soup Co.,* 893 F. Supp. 316, 331-32 (D.N.J. June 12, 1995)).

This Court finds that Plaintiffs have successfully demonstrated element one: they are members of a protected class as non-Japanese American employees of JFC. *See Dickerson v. New Jersey Institute of Tech.,* No. 19-8344, 2019 WL 6032378, at *6 (D.N.J. Nov. 14, 2019) (finding that plaintiff sufficiently established element one where plaintiff pled that she was seventy-one at the time of the alleged discrimination, African American, and disabled).  As to the remaining elements, JFC asserts that Plaintiffs failed to allege "that they were qualified for, applied for, and were rejected for any specific open positions." *See* Br. in Opp'n to Mot. to Am., D.E. 24, at 10. JFC asserts that, because Plaintiffs failed to apply for a higher position following their promotion to management, they were never actually "rejected" and thus unable to establish an essential

element of a failure-to-promote claim. *Id.* at 12. However, as most courts in this district have found, failure to apply for a promotion is not fatal to a failure-to-promote claim where an employers' promotional system lacks a formal application process. *Rhodes,* 2021 WL 71597, at *4; *Dickerson,* 2019 WL 6032378, at *7; *Catullo v. Liberty Mut. Group. Inc.,* No. 09-3359, 2012 WL 762163, at *8 (D.N.J. Mar. 6, 2010).

Accordingly, where no formal promotion application process existed, Plaintiffs' failure-to-promote claim is not necessarily defeated. *Catullo*, 2012 WL 762163, at *8. Here, Plaintiffs raised specific factual allegations regarding the promotional process in the Proposed Amended Complaint. For example, Plaintiffs assert that "[JFC] does not post openings for promotions, it does not interview for open promotional positions, and it does not notify its sales personnel of promotional opportunities." First Am. Compl., D.E. 19-2, at 8-9. As a result, Plaintiffs contend "class members do not know when promotional opportunities are available." *Id.* This Court therefore finds that Plaintiffs properly plead factual allegations demonstrating JFC's lack of a formal application process for promotions. *See Skoorka v. Kean Univ.*, No. 17-5485, 2019 WL 1125592, at n.18 (D.N.J. Sept. 19, 2019) (noting that a failure-to-promote claim, despite plaintiff's failure to apply, may prevail where the plaintiff asserts that the employer's promotional system did not involve an application process or that previous attempts to apply were rebuffed).

Even without a formal promotional application process, Plaintiffs' requested failure-to-promote claim still satisfies Rule 12(b)(6). *See Twombly*, 550 U.S. at 555 (stating a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations"). Specifically, their claim includes well-pleaded factual allegations relating to the alleged promotional positions sought, their own qualifications in relation to such a position, and the qualifications of other JFC employees who were promoted instead. *See also Rhodes,* 2021 WL 71597, at *4 (finding plaintiffs

failure-to-promote claim did not meet the pleading requirements under F.R.C.P. 8(a) because plaintiff failed to plead "any specific promotional opportunities, whether she applied for or attempted to pursue them, or any specifics whatsoever about the alleged promotions . . . ."). For example, Plaintiffs assert that JFC has unlawfully favored Japanese employees for promotion to "most, if not all" senior managerial and executive positions, at the exclusion of non-Japanese employees. *See* First Am. Compl., D.E. 19-2, at 8-9. As to Plaintiffs' qualifications, Plaintiffs state they have "worked for [thirty-three to thirty-five] years but they are still just salesmen. There are no Japanese salesmen who are not promoted after many years of work." *Id.* at ¶ (k). Accordingly, Plaintiffs' proposed failure-to-promote-claim contains the necessary specificity even in the absence of a formal promotional process. Because Plaintiffs' proposed pleadings and the specific factual allegations therein would survive Rule 12(b)(6) scrutiny under *Twombly*, this Court finds their failure-to-promote claim not futile.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend to add class allegations on behalf of all similarly situated non-Japanese American employees of JFC, D.E. 19, is granted. An appropriate order accompanies this opinion.

/s Michael A. Hammer  
**United States Magistrate Judge**

**DATED: November 9, 2023**